825 F.2d 406
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FEDERATION OF LORTON COMMUNITIES, Plaintiff-Appellant,
v.
Marion BARRY, as Mayor of the District of Columbia; The
Board of Supervisors of Fairfax County; the Board
of Supervisors of Arlington County; City
of Alexandria, Defendant-Appellee.
 No. 87-1525
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1987.
Decided July 20, 1987.
 
 Philip Louis Chabot, Jr., for appellant.
 Lutz Alexander Prager, Assistant Deputy Corporation Counsel; Robert Lyndon Howell, Senior Assistant County Attorney (David T. Stitt, County Attorney; Frederick D. Cooke, Jr., Acting Corporation Counsel; Charles L. Reischel, Deputy Corporation Counsel Appellate Division; Philip G. Sunderland, City Attorney; John W. Henderson, Assistant City Attorney; Charles G. Flinn, County Attorney; Ara L. Tramblian, Assistant County Attorney, on brief), for appellees.
 Before WINTER, and CHAPMAN, Circuit Judges, and WISDOM, Circuit Judge for the Fifth Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 The appellant, plaintiff below, challenges the authority of the District of Columbia to rent out part of the land, titled in the name of the United States, that is located in Virginia and that the District controls. The District controls the land for use as its Lorton prison facility; it proposes to lease part of this land to the County of Fairfax to supply the site for construction of a municipal waste incinerator, and it proposes to allow the District and several northern Virginia counties to use part of the Lorton Reservation as a regional municipal waste landfill. The District claims authority for this lease under D.C. Code Sec. 1-337(c) (1981), which authorizes the mayor 'within his discretion to rent any building or land belonging to the District of Columbia or under the jurisdiction of the Mayor, or any available space therein, whenever such building or land, or space therein, is not then required for the purpose for which it was acquired . . ..' The district court held that the Mayor was empowered with the authority to provide this lease.
 
 
 2
 In 1946, Congress established a Department of Corrections for the District, which was to have 'charge of the management and regulation' of the Lorton prison complex. The Department replaced a Board established in 1926 to exercise 'complete and exclusive control and management' of the facilities. In 1974, as part of the Congressional grant to the District of 'home rule,' Congress granted to the mayor all powers previously exercised by the Board of Commissioners which had formerly governed the District, which powers included supervision over the Department of Corrections.
 
 
 3
 Thus the question presented in this case is whether the mayor's authority, reposited for administrative purposes in the Department of Corrections, to exercise 'complete and exclusive control and management' over the Lorton complex constitutes having 'jurisdiction' over the properties, thus permitting the mayor under Sec. 1-337(c) to lease any available space not required for the fulfillment of the purpose for which it was originally acquired.
 
 
 4
 This court in United States v. District of Columbia, 788 F.2d 239 (4th Cir. 1986) (the 'Glenn Dale' case), held that the District's right to possession and use of some Maryland land, which land, like the Lorton property, was titled in the name of the United States, equaled 'jurisdiction' under D.C. Code Sec. 1-337.
 
 
 5
 Section 1-337(c) has no language stating, or even suggesting, that property owned by the United States is excluded. Had Congress wished to limit the scope of the power to property owned by the District, it needed to use only the phrase 'belonging to the District of Columbia' and could have omitted the phrase 'under the jurisdiction of the Mayor.'
 
 
 6
 Id. at 241.
 
 
 7
 In the Glenn Dale case, Congress had authorized the District, 'under the direction and control of the Department of Human Services of the District of Columbia and subject to the supervision of the Mayor of the District of Columbia,' to construct and operate a facility for use as a children's tuberculosis sanatorium. Thus the language Congress used in authorizing the District in the Glen Dale case to acquire the land is identical to that used regarding the Lorton property, and that language was found in Glenn Dale to empower the mayor to exercise 'jurisdiction' over the property pursuant to Sec. 1-337(c).
 
 
 8
 The Glenn Dale case is on all fours with that presented, and thus is dispositive. The judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.